Rana Lashgari, Esq. (SBN: 262397)
rana@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff

FILED
2009 SEP -4 PM 2:45
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jennifer Fine<br>Plaintiff,<br>v.<br>Creditors Interchange Receivable Management, LLC, FIA Card Services, N.A and Bank of America Corporation,<br>Defendants. | Case Number: 09 CV 1950 MMA JMA<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

ORIGINAL

Complaint — 1 of 11 —

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Jennifer Fine, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Creditors Interchange Receivable Management, LLC, FIA Card Services, N.A and Bank of America Corporation, (collectively, "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendants do business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of Lemon Grove, County of San Diego, State of California.

12. Defendant Creditors Interchange Receivable Management, LLC, located in Buffalo, New York.

13. Defendant FIA Card Services, N.A. ("FIA") is headquartered in Delaware.

14. Defendant Bank of America Corporation ("BofA") is located in California.

15. Plaintiff is currently unaware of the nature of the relationship between Defendant BofA and Defendant FIA, however, Plaintiff is informed and believes that Defendant BofA and Defendant FIA are acting jointly and in concert in collecting the same alleged debt.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants are persons or entities who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

HYDE & SWIGART
San Diego, California

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

22. At all times relevant, Defendants conducted business within the State of California.

23. Sometime before September 2, 2008, Plaintiff is alleged to have incurred certain financial obligations.

24. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

25. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

26. Sometime thereafter, but before September 2, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

//

//

27. On or about September 2, 2008, Defendant (BofA) sent, and Plaintiff received, a letter threatening to write the Plaintiff's account off as a bad debt and send it to a collection agency so that "for the next seven years any potential employer, mortgage company, car dealership, or creditor" will see the negative reporting on Plaintiff's credit report.

28. On or about September 2, 2008, upon receiving Defendant BofA's letter, Plaintiff contacted Michelle Wheeler at Bank of America and set up a payment plan to settle the alleged debt for a total of $1,600.00.

29. On or about October 8, 2008, Defendant BofA sent, and Plaintiff received, a letter outlining the terms of the agreed settlement and the details of the monthly payment plan. Plaintiff was to make monthly payments from September 2008 until February 2009 equalling a total amount of $1,600.00. Bank of America agreed that "by completing this payment plan, [Plaintiff's] account will be considered settled, and [Plaintiff] will not be obligated to pay the remaining balance..." In exchange for Plaintiff's payment of $1,600.00, Defendant BofA agreed to forgive the remaining balance on Plaintiff's alleged debt.

30. Subsequently, but before October 15, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant FIA for collection.

31. On or about October 15, 2008, Defendant FIA sent, and Plaintiff received, a letter similar to the letter sent by Defendant BofA on October 8, 2008, confirming the terms of Plaintiff's settlement. The total balance of Plaintiff's alleged debt, according to Defendant FIA, was $8,938.59. In exchange for

Plaintiff's payment of $1,600.00, Defendant FIA agreed to forgive the remaining balance on Plaintiff's alleged debt.

//

//

//

32. Plaintiff made monthly payments pursuant to the terms of the settlement agreement. By March 3, 2009, Plaintiff had paid Defendant BofA/Defendant FIA $1,600.00 which, according to the terms of Plaintiff's settlement agreement with both Defendant BofA and Defendant FIA, constituted payment in full and Plaintiff's alleged debt should have been considered settled.

33. Subsequently, but before March 6, 2009, the alleged debt was negligently and/or maliciously assigned, placed, or otherwise transferred, to Defendant Creditors Interchange ("CI") for collection.

34. On or about March 6, 2009 Defendant CI sent, and Plaintiff received a letter stating that Defendant FIA had authorized Defendant CI to initiate collection efforts to recover $8629.74 from Plaintiff.

35. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

36. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

37. Subsequently, but before March 19, 2009, Plaintiff retained attorney Justine Phillips to represent Plaintiff regarding the alleged debt.

38. On or about March 19, 2009, Ms. Phillips called Defendant BofA and informed them that she represented Plaintiff. Ms. Phillips was told by Janelle (last name is unknown at this time) to contact their Recovery Department.

Janelle assured Ms. Phillips that an error had been made and that the Recovery Department would honor the earlier Settlement agreement.

39. Subsequently, on or about March 19, 2009, Ms. Phillips spoke to Defendant BofA's Recovery Department and was told to contact Mark (last name unknown at this time) at Creditors Interchange.

40. On or about March 20, 2009, Ms. Phillips faxed a letter to Mark, an agent or employee of Defendant CI, informing Defendant CI that Ms. Phillips represents Plaintiff with respect to the alleged consumer debt and that the collection efforts of Defendant CI were violated the terms of Plaintiff's settlement agreement with Defendant BofA and Defendant FIA.

41. On or June 8, 2009, Defendant CI sent, and Plaintiff received, another collection letter demanding a full payment of $8,629.74.

42. Without the prior consent of the consumer given directly to the Defendant CI or the express permission of a court of competent jurisdiction, Defendant CI communicated with the consumer in connection with the collection of a debt when Defendant knew the consumer was represented by an attorney with respect to such debt and had knowledge of, or could have readily ascertained such attorney's name and address. Consequently, Defendant CI violated 15 U.S.C. § 1692c(a)(2).

43. Through this conduct, Defendant CI initiated communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector had been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice included the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney. Consequently, Defendant CI violated Cal. Civ. Code § 1788.14(c).

44. Defendant CI was an employee or agent of Defendant FIA and/or Defendant BofA. Consequently, Defendant BofA and/or Defendant FIA are liable for Defendant CI's actions.

//

//

//

## COUNT I

### AS TO DEFENDANT CI AND DEFENDANT FIA

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### AS TO ALL DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

//
//
//
//
//

50. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

### ALL DEFENDANTS

### BREACH OF CONTRACT

51. Defendant BofA and Defendant FIA offered to reduce the balance on Plaintiff's alleged debt in exchange for 6 monthly payments equaling , in the aggregate, a total of $1,600.00 ("Settlement Agreement.")

52. Plaintiff agreed to this proposal and subsequently made, and Defendant BofA/ Defendant FIA accepted, 6 monthly payments totaling $1600.00.

53. Subsequently, Defendant BofA and Defendant FIA, through their agent or employee Defendant CI, continued to collect $8629.74 from Plaintiff, after Plaintiff had paid the settlement amount of $1600.00.

54. Defendants continued collection efforts constitute a material breach of the Settlement Agreement.

## COUNT IV

## AS TO DEFENDANT BOFA AND DEFENDANT FIA

### NEGLIGENCE

### 15 U.S.C. §§ 1692 ET SEQ.

55. Defendant BofA and Defendant FIA owed Plaintiff a duty not to send Plaintiff's account to Defendant CI for collections.

56. Defendant BofA and Defendant FIA breached this duty by sending Plaintiff's account to Defendant CI for collections.

57. As a direct and proximate result of Defendant BofA and Defendant FIA's conduct, Plaintiff has suffered harm, including stress, frustration, nervousness, anxiety, worry, humiliation, and embarrassment.

58. Defendant BofA and Defendant FIA's assignment to Defendant CI, in light of Defendant BofA and Defendant FIA's actual and/or constructive knowledge of Plaintiff's payment of $1600 to settle the alleged debt, constituted a breach of duty owed to Plaintiff.

59. As a direct and proximate result of Defendant BofA and Defendant FIA's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

## COUNT I

### AS TO DEFENDANT CI

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

60. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

61. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

62. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

## COUNT II

### AS TO ALL DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

63. An award of actual damages pursuant to California Civil Code § 1788.30(a);
64. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
65. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## COUNT III

### ALL DEFENDANTS

### BREACH OF CONTRACT

66. Award actual and compensatory damages for BREACH OF CONTRACT in an amount to be determined at trial.

## COUNT IV

### AS TO DEFENDANT BofA AND DEFENDANT FIA

### NEGLIGENCE

### 15 U.S.C. §§ 1692 ET SEQ.

67. Award actual and compensatory damages for NEGLIGENCE in an amount to be determined at trial.
68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: _____

Hyde & Swigart

By: _____
Rana Lashgari
Attorney for Plaintiff

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Jennifer Fine

**DEFENDANTS**
Creditors Interchange Receivable Management, LLC, FIA Card Service, N.A and Bank of America Corporation

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Buffalo
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108
619.233.7770

Attorneys (If Known)   **09 CV 1950   MMA JMA**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1692 et seq.
Brief description of cause:
FDCPA

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                DOCKET NUMBER

DATE    09/04/09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 4894    AMOUNT $350.00    APPLYING IFP    JUDGE    MAG. JUDGE


ORIGINAL

MS  9/04/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004894
Cashier ID: msweaney
Transaction Date: 09/04/2009
Payer Name: HYDE AND SWIGART ATT AT LAW
----------------------------------
CIVIL FILING FEE
 For: FINE V CREDITORS INERCHANGE
 Case/Party: D-CAS-3-09-CV-001950-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 3362
 Amt Tendered: $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```